The opinion of the Court was delivered by
Tilghman C. J.
By the act for the limitation of actions, passed the 26th March, 1785, no person shall hav.e *305 or maintain any real or possessory writ or action, for any lands, tenements, or hereditaments, of the seisin or possession of himself, or his ancestors or predecessors, nor dédare or allege any other seisin or possession • of himself, his ancestors or predecessors, than within 21 years next before such writ or action, hereafter to be sued, commenced, or brought. The evidence offered by the defendant went directly to prove, that neither the plaintiffs nor the persons under whom they derived title had been in possession for more than 21 years before the commencement of the suit. Why then was it not legal evidence ? Because, say the plaintiffs, the land not having been patented, the legal title remained in the Commonwealth, and the Commonwealth not being bound by the act of limitations, neither are those persons bound who-hold the land under the Commonwealth. This is a question of very great importance, hitherto undecided ; and in order to judge of it, we must consider the nature of a title by warrant, or application and survey, without patent. In Pennsylvania, lands to a very great amount are held by such titles, and if they are excepted from the operation of the act of limitations, no inconsiderable portion of the state will be left exposed to that uncertainty, which it was the object of the act to prevent. It was the custom of the proprietaries of Pennsylvania, from ancient times down to the revolution, to contract for the sale of lands, in various modes, and to deliver possession, without receipt of the purchase money. But in such case, no patent was issued; consequently they retained the legal title. The title of the purchasers was sui generis, unknown to the law of England, and at first, not well defined by our own law. Until towards the year 1760, rights of this kind were considered as personal property. About that time, (I will not undertake to fix the period,) they assumed a more important character, and were considered as real estate; and it is certain, that at least from the year 1760, a title by warrant and survey has had all the principal attributes of a legal estate, saving the right of the proprietaries and of the Commonwealth who succeeded to them. It will support an ejectment, it descends as real estate, it is to be conveyed as real estate, it is subject to the rights of dower, and tenancy by the curtesy. It has been recognised as real estate by acts of assembly; at the time of the passing of the act of limitations, it was perfectly understood *306 by the legislature, and must have been intended, without doubt, to be comprehended in that act, in such manner as not to impair the right of the Commonwealth. Until the patent issues, the legal title is in the Commonwealth, and the act of limitátion ilas no f°rce against the Commonwealth. Even without having recourse to the pre-eminent rights which exempt the supreme power of the nation from the operation of statutes in which it is not expressly named, it is evident, from the nature of the case, that the possession of those persons, who hold unpatented lands, is not adverse to the Commonwealth. On the contrary, the nature of the contract, and the custom of the country prove, that the possession is under and with the consent of the Commonwealth. But as to all private persons, the case is different, and it would be attended with incalculable mischief, if the undisturbed possession for 21 years should confer title and safety on the holders of patented lands, but be of no avail where there is no patent, The words of the act of limitations embrace both cases, nor is the least trace of distinction between them, to be found in that act. As to the right of the state, it is the duty of the Court to protect it, without extending their protection to others, who stand in different circumstances, and who cannot be. protected without throwing the country into confusion. It is to no purpose to cite cases upon the British statute of limitations ; they are inapplicable, because England has no species of property, like our right under warrant and survey. I have said, that this point has never been decided in Pennsylvania. The plaintiff’s counsel seem to think that it has been, and cite the case of Morris v. Thomas, 5 Binn. 77. But an examination of that case will soon shew, how different it is from the present. The plaintiff, (Morris,) claimed under a warrant dated the 3d April, 1750, and a survey by virtue of that warrant, made 31st December, 1805. But it is to be noted, that the warrant was indescriptive, so that no title to the surveyed land, attached till the execution of the survey. The defendants claimed under an improvement in 1783, unaccompanied with a settlement or any other circumstance, which would be the commencement of an equitable title under our laws. In fact, the defendants being possessed of an adjoining tract of land, did no more than go over their lines, and cut wood on the vacant land of the Commonwealth, Against the Commonwealth then, there was no pos *307 session on which the act of limitations could operate; neither could it operate as a bar to the plaintiff, (Tfefom'i,) because his title to the land in dispute commenced only on the 81st December, 1805, which was but three or four years before commencement of the suit. But if Morris’s survey had been executed in the year 1750, soon after the date of the warrant, the law would have adjudged him to be in possession, at least, from the return of survey, and when once in possession, his title' would have been of that kind, upon which the statute of limitations might operate. In the case before us, the s.urvey was returned the 28th August, 1772, and from that time the estate was subject to the act of limitations, saving the right of the Commonwealth. I am very clear, therefore, that the defendant’s evidence ought to have been received. At the same time, I desire it to be distinctly understood, that I give no opinion, nor have I formed any opinion beyond the point immediately decided. The defendants’ evidence ought to be received; but what will be the consequence of possession taken without title, as to the extent of the possession; or whether such possession will in law be extended beyond the actual inclosures of the occupant, is a question not now before us. The consequences of laying down general principles on the act of limitations are so important, that I hold it my duty to be extremely cautious' of intimating any opinion on points out of the record. Being satisfied, that there is error appearing in this record, I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Duncan J.
having been of counsel with the defendants in error, did not sit in the cause.
Judgment reversed, and a venire facias de novo awarded.